UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE STEWART,

    Plaintiff,

v.                                                  Case No: 6:23-cv-2326-JSS-DCI

BREVARD COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

Defendant Brevard County, Florida, (Brevard County) moves to dismiss Plaintiff Lawrence Stewart's Complaint pursuant to Federal Rules of Civil Procedure 8, 10, and 12. (Motion, Dkt. 19.) For the reasons that follow, Brevard County's Motion is granted and Plaintiff's Complaint (Dkt. 1) is dismissed without prejudice.

## BACKGROUND

Plaintiff brings four claims against Brevard County under 42 U.S.C. § 1983, for violations of his rights to equal protection (Count 1), substantive due process (Count 2), procedural due process (Count 3), and the takings clause under the Fifth Amendment (Count 4) as they relate to his statutory rights to use his property and erect a residential dwelling. (Dkt 1.) Generally, Plaintiff's claims arise from his plan to develop his property and Brevard County's property development requirements, which he contests were unconstitutionally applied to him. *See* (*id.*)

Plaintiff is the owner of a 4.9-acre parcel of property in an "agricultural and rural residential area of Brevard County" with a Future Land Use of Residential 1 and AU zoning, both of which "permit the erection of a single-family dwelling as a use of the property." (*Id.* ¶¶ 9–12.) The property at issue was once part of a larger parcel which has been divided into two adjoining parcels. (*Id.* ¶ 10.) Plaintiff's property is located approximately 628 feet east of an intersection of an access road and "Dixie Way," a street that has been maintained by Brevard County since approximately 1976. (*Id.* ¶ 19.) Plaintiff argues that in approximately 1995, the County "vacated a 374 feet length of the 30 feet County right of way" leaving the County's right of way "to nowhere" some 325 feet to the east of the property and creating an opportunity for Plaintiff to obtain a required waiver to begin construction on his property. (*Id.* ¶¶ 23–27.)

"Since December 3, 2020" prior to Plaintiff's purchase of the property, Plaintiff "ha[d] been in contact with" the County's administrative staff "to determine whether a single-family residence could be constructed on the property." (*Id.* ¶ 28.) Plaintiff was advised that his development plans required a waiver from the road width rule "under the County's unpaved road agreement ordinance" codified by § 62-102(c) of the Brevard County Code of Ordinances. (Dkt. 1 ¶ 29.) Plaintiff argues that his purchase of the property was contingent on his ability to construct a residence there. Plaintiff applied for a waiver set forth in § 62-102(c). (Dkt. 1 ¶ 31.) However, on

October 26, 2021, at a public hearing on Plaintiff's request for a waiver, the County Commissioner chose to table consideration of Plaintiff's matter:

> to provide time for [Plaintiff] to provide County staff with engineering plans showing how the road can be constructed within the 30 foot right-of-way, with additional easements of the right-of-way including necessary improvements, road drainage, and utilities; and this will provide staff the administrative authority, at that time, to review and approve the plans, if appropriate, including a waiver of engineering standards.

(Dkt. 1 ¶ 40.)

In approximately 2022, Plaintiff contends that he came to understand that § 62-102 of the County Code of Ordinances applied only to subdivisions proposing unpaved roads, and therefore, would not apply to his property.[1]  (Dkt. 1 ¶ 75–76.)  At a subsequent hearing requested by Plaintiff to address his takings claim, "[t]he County Attorney then stated that if Mr. Stewart's answer is that he is never going to provide the things that the Board requested, then he thinks the next thing that needs to be brought forward for final action is the waiver application." (*Id.* ¶ 107.)  As of the filing of Plaintiff's Complaint, Plaintiff's waiver application remains pending.

In moving to dismiss, Brevard County argues that Plaintiff's Complaint is a shotgun pleading violative of Federal Rules of Civil Procedure 8 and 10.  (Dkt. 19.) Additionally, the County argues Plaintiff's claims are not ripe for review, and the court lacks jurisdiction to address his matters as a result.  (*Id.*)  The County also argues that

---

[1] Plaintiff argues he is instead subject to the requirements of § 62-1188, which defines nonconforming lots of record.  (Dkt. 1 ¶ 80.)

all counts fail to state claims upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. 19.)

## APPLICABLE STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a motion attacking the legal sufficiency of a complaint.  In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff.  *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999).

## ANALYSIS

### A. Subject Matter Jurisdiction

As an initial matter, Brevard County argues that all counts in Plaintiff's Complaint "fail[] for lack of ripeness" because the County has not "reached any final decisions as to his waiver request, or other matters related to his supposed developmental efforts" and that as a result, this court lacks subject matter jurisdiction to address Plaintiff's claims.  (Dkt. 19.)  According to Plaintiff's Complaint, he has not submitted a formal waiver application and Brevard County has not entered a final decision on his zoning request.  *See* (Dkt. 1.)  "Under the doctrine known as ripeness, [the court] must determine that a given issue is sufficiently developed (i.e., ripe) for judicial intervention before [the court] will exercise jurisdiction over it."  *Temple B'Nai Zion, Inc. v. City of Sunny Isles Beach, Fla.*, 727 F.3d 1349, 1350 (11th Cir. 2013).

"Ripeness, like standing, 'present[s] the threshold jurisdictional question of whether a court may consider the merits of a dispute.'" *S. Grande View Dev. Co., Inc. v. City of Alabaster, Ala.*, 1 F.4th 1299, 1305 (11th Cir. 2021) (citing *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006)). As a result, the court considers the ripeness of Plaintiff's claims first.

"The federal courts have developed ripeness jurisprudence in the context of land use and zoning controversies drawing from the Supreme Court's decision in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)." *Coles v. City of Jacksonville*, No. 3:15-cv-1521-J-34-PDB, 2017 WL 6059661, at *8 (M.D. Fla. Dec. 7, 2017) (finding that although *Williamson* addressed the ripeness of Fifth Amendment takings claims, other courts have extended the analysis to include broader due process issues in zoning cases, citing cases such as *Insomnia Inc. v. City of Memphis, Tenn.*, 278 F. App'x. 609, 613 (6th Cir. 2008) and *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349–50 (2d Cir. 2005)). One such case demonstrates the general view that "[o]nly when procedural remedies are denied does a constitutional violation become ripe under 42 U.S.C. § 1983." *Henniger v. Pinellas Cnty.*, 7 F. Supp. 2d 1334, 1337 (M.D. Fla. 1998) (holding that "[a]s applied arbitrary and capricious due process claims are ripe when the decision being challenged is final," and that procedural due process claims are ripe when the [s]tate fails to provide "due process" such as administrative remedies). Thus, generally, "[i]n order for [land use] claims to be ripe for adjudication, the plaintiffs must obtain a final decision regarding

the application of the zoning ordinances to their property, including denial of variance applications." *Exec. 100, Inc. v. Martin Cnty.*, 922 F.2d 1536, 1540 (11th Cir. 1991) (finding "that [i]n order to establish the ripeness of their equal protection claims, the plaintiffs must show only that the [b]oard has made a final decision denying commercial zoning."). "'The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.' The two-step 'ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration.'" *Hugh Johnson Enterprises, Inc. v. City of Winter Park*, Fla., 231 F. App'x 848, 849 (11th Cir. 2007) (citing *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)).

Here, Plaintiff contends that § 62-102(c) and the County's action (or inaction) has violated his constitutional rights. Plaintiff alleges that his constitutional claims under 42 U.S.C. § 1983 arise out of the "County's deprivation of Plaintiff's property rights in violation of substantive and procedural due process of law; taking of Plaintiff's Property without just compensation in violation of the Fifth Amendment to the U.S. Constitution, which is incorporated into 42 U.S.C. § 1983, and denial of equal protection of the law." (Dkt. 1 ¶ 109.) Specifically, in Count 1, Plaintiff maintains the County treated him unfairly by forcing him to take action required by § 62-102(c), a burden which Plaintiff alleges was not imposed on two similarly situated individuals. *See* (Dkt. 1 ¶¶ 110–112.) Plaintiff contends the County "denied Plaintiff the equal

protection of the law by having no rational basis" for the requirements imposed upon Plaintiff. (Dkt. 1 ¶ 111.) In Count 2, Plaintiff maintains that after he notified the County that § 62-102(c) did not apply to his property, the County violated his substantive due process rights by nonetheless requiring Plaintiff to comply with § 62-102(c) and undertake actions that imposed a significant burden upon him which deprived him of the right to use and develop his property. (Dkt. 1 ¶¶ 113–14.) Similarly, Plaintiff brings his procedural due process claim in Count 3 alleging that Defendant "delayed and severely frustrated" Plaintiff's ability to "apply for a residential building permit for nearly two years and counting in which mortgage interest rates" have increased and "construction costs have skyrocketed" by considering Plaintiff's property subject to the unpaved subdivision ordinance requirements. (*Id.* ¶¶ 115–17.) Further, Plaintiff maintains in Count 4 that Defendant "engaged in a regulatory taking of the Plaintiff's actual and statutory rights to access his 4.9 acre property and desire to build a single family dwelling" by not approving Plaintiff's request to obtain a residential permit. (*Id.* ¶¶ 118–24.)

"When a plaintiff brings an as-applied due process challenge to a municipality's zoning decision, the claim 'is not ripe until the decision denying commercial zoning has been finally made and applied to the property.'" *Coles v. City of Jacksonville*, 769 F. App'x 851, 854 (11th Cir. 2019) (citing *Eide v. Sarasota County*, 908 F.2d 716, 726 (11th Cir. 1990) (finding that unlike facial challenges to ordinances, a plaintiff must first demonstrate that the regulation has been applied to them)); s*ee New Port Largo, Inc. v.*

*Monroe Cnty.*, 873 F. Supp. 633, 640 (S.D. Fla. 1994), *aff'd,* 95 F.3d 1084 (11th Cir. 1996) ("A final decision is the only requirement for a ripe procedural due process claim."); *S. Grande View Dev. Co., Inc. v. City of Alabaster, Ala.*, 1 F.4th 1299, 1305 (11th Cir. 2021) (finding that when the county had not "decided how it was going to apply a broad, county-wide zoning ordinance or regulation to a specific piece of property owned by the plaintiff, the decision was not final, and thus, not ripe to examine the takings claims).

According to the allegations in Plaintiff's Complaint, Plaintiff has neither formally applied for a waiver under § 62-102(c), nor has he received a final decision from the County. Plaintiff maintains that § 62-102(c) does not apply to him and as a result, he should not be subjected to the requirements of the ordinance. Nevertheless, the court must consider "whether it is appropriate for this case to be litigated in a federal court by these parties at this time." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1339 (11th Cir. 2005). Here, because Plaintiff has not received a final adjudication from the County denying his application for waiver, his claims are not ripe and no actual case or controversy exists over which the court may exercise jurisdiction.

In *National Advertising Co.*, the plaintiff, an outdoor advertising company, brought suit against the defendant, the City of Miami, alleging violations of its First Amendment rights when the City "clerks did not issue permits to National because the billboards it sought to construct exceeded the zoning ordinance's height limits for signs." *Id.* at 1338. The plaintiff sought to erect advertising billboards and made an

initial request for a permit. *Id.* at 1340. The defendant orally advised that the proposed billboards were too tall, and failed to grant the request. *Id.* However, the plaintiff did not obtain a "final, written denial" because it "claimed both that [the defendant's] zoning ordinance is too vague for it to know what is required to get a permit and that it did not obtain a written denial because it was certain that its application would be denied." *Id.* Notwithstanding plaintiff's argument, the Court held that "[t]he necessity of a 'binding conclusive administrative decision' to ensure that the facts of a case are mature enough to permit meaningful review is amply demonstrated by this case" and that a final decision was ultimately required for ripeness. *Id.* at 1340.

Similarly, in *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586 (11th Cir. 1997), the Eleventh Circuit affirmed the district court's dismissal of a complaint for lack of ripeness where the plaintiff had failed to exhaust its administrative remedies under the city's procedures for obtaining zoning variances. There, the plaintiff had erroneously presumed that Supreme Court precedent rendered the city's zoning ordinances unconstitutional and brought suit for violation of its constitutional rights after a conversation with a single individual at the zoning department regarding its zoning application. *Id.* at 590. In considering plaintiff's challenge, the Eleventh Circuit held that "[a] challenge to the application of a city ordinance does not automatically mature at the zoning counter [and] [i]n order for the city to have 'applied' the ordinance to [the plaintiff], a city official with sufficient authority must have rendered a decision regarding [the plaintiff's] proposal." *Id.* The court continued

that "[w]ithout the presentation of a binding conclusive administrative decision, no tangible controversy exists and, thus, [the court] ha[d] no authority to act." *Id.* at 590 (citing *Hallandale Pro. Fire Fighters Loc. 2238 v. City of Hallandale*, 922 F.2d 756, 762–63 (11th Cir. 1991)).

In arguing that his case is ripe, Plaintiff asserts that submitting a formal application is futile and would result in a denial. *See Coles v. City of Jacksonville*, No. 3:15-cv-1521-J-34PDB, 2017 WL 6059661, at *10 (M.D. Fla. Dec. 7, 2017) ("An 'exception to the final decision requirement exists where it would be futile for the plaintiff to pursue a final decision.'") (quoting *Strickland v. Alderman*, 74 F.3d 260, 265 (11th Cir. 1996)). However, "[i]n many cases where a ripeness challenge has successfully been asserted, the plaintiff's zoning application efforts were non-existent or cursory at best." *Id.* (citing *Ward v. County of Orange*, 55 F. Supp. 2d 1325, 1335 (M.D. Fla. 1999); *see also Digital Properties, Inc.*, 121 F.3d at 590–91. The futility exception will apply when a decision-making board has already made preemptive statements about the decision and "[t]heir public comments make it highly unlikely they would change their stance and approve [the plaintiff's] variance." *New Life Outreach Ministry Inc. v. Polk Cnty.*, No. 8:06-cv-1547-T-27MAP, 2007 WL 2330854, at *6 (M.D. Fla. Aug. 14, 2007) (finding "[w]hat is needed, however, for this case to proceed is not a showing that all administrative remedies were exhausted but 'that proceedings have reached some sort of an impasse and the position of the parties has been defined.'"). Here, Plaintiff fails to sufficiently plead facts demonstrating that the

parties were at an impasse, or that application under the proposed waiver requirements was inapplicable such to render it futile. Accordingly, Plaintiff's claims are not sufficiently ripe to confer subject matter jurisdiction on this court and Plaintiff's Complaint must be dismissed. *See Digital Properties, Inc.*, 121 F.3d at 590; *Coles*, 769 F. App'x at 854.

### B. Failure to State Claims

"The determination of ripeness 'goes to whether the district court had subject matter jurisdiction to hear the case.'" *Digital Properties, Inc.*, 121 F.3d at 591 (quoting *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 7 (11th Cir. 1989)). Where a district court finds that a plaintiff's claims are not ripe, the court may not adjudicate the merits of those claims or dismiss the claims with prejudice. *See Georgia Advoc. Off., Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999) (citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)); *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009) ("If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice."). Because the court finds that Plaintiff's claims are not ripe for judicial review, the court has no jurisdiction to address the merits of Plaintiff's claims or Defendant's arguments that Plaintiff failed to state a claim on each count. *See Elend*, 471 F.3d at 1204 ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes.") (quoting *Nat'l Adver. Co.*, 402 F.3d at 1339).

## CONCLUSION

Accordingly, and for the reasons discussed above:

1. Defendant Brevard County's Motion to Dismiss (Dkt. 19) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 1) is dismissed without prejudice. Plaintiff may file an amended complaint, if any, no later than 30 days from the date of this order.

**ORDERED** in Orlando, Florida, on July 1, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record