UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE STEWART,

    Plaintiff,

v.                                Case No: 6:23-cv-2326-JSS-DCI

BREVARD COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

Defendant, Brevard County, Florida, moves to dismiss the amended complaint (Dkt. 33) filed by Plaintiff, Lawrence Stewart, for failure to state a claim, asserting lack of ripeness and other grounds. (Dkt. 36.) The County also moves to stay discovery pending resolution of its motion to dismiss. (Dkts. 46, 57.) Plaintiff opposes the County's motions. (Dkts. 37, 53, 58.) For the reasons outlined below, the court grants the motion to dismiss based on lack of ripeness, denies the motions to stay as moot, denies Plaintiff leave to amend, and dismisses this case without prejudice.

## BACKGROUND[1]

Plaintiff sues the County under 42 U.S.C. § 1983 for violations of his constitutional rights to equal protection (count 1), substantive due process (count 2),

---

[1] Because the County's ripeness arguments raise facial, rather than factual, challenges to the court's subject matter jurisdiction, (see Dkt. 36), the court accepts the well-pleaded allegations in the amended complaint as true and construes them in the light most favorable to Plaintiff. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a . . . motion [to dismiss for failure to state a claim]—the court must consider the allegations of the complaint to be true.").

and procedural due process (count 3) and those rights protected under the takings clause of the Fifth Amendment (count 4). (*See* Dkt 33.) Plaintiff asserts that these constitutional violations have infringed on his statutory rights to use his property and to erect a residential dwelling. (*See id.*) Plaintiff's claims arise from tensions between his plan to develop his property and the County's property development requirements, which Plaintiff alleges have been unconstitutionally applied to him. (*See id.*)

Plaintiff is the owner of a 4.9-acre parcel of property in an "agricultural and rural residential area of [the] County" with a Future Land Use of Residential 1 and AU zoning, both of which "permit the erection of a single-family dwelling as a use of the [p]roperty." (*Id.* ¶¶ 9–12.) The property at issue was once part of a larger parcel which has been divided into two adjoining parcels. (*Id.* ¶ 10.) Plaintiff's property is located 628 feet east of an intersection between an access road and Dixie Way, a street that the County has maintained since 1976. (*Id.* ¶¶ 17–18.) Plaintiff claims that in 1995, the County vacated a 374-foot length of its 30-foot right of way leaving its right of way "to nowhere" 325 feet to the east of the property and creating an opportunity for Plaintiff to obtain a required waiver to begin construction on his property. (*Id.* ¶¶ 23– 30.)

"Since December 3, 2020," a year to the day before Plaintiff purchased the property, Plaintiff "ha[d] been in contact with [the County's] administrative staff to determine whether a single-family residence could be constructed on the [p]roperty." (*Id.* ¶¶ 9, 28.) Plaintiff was advised that his development plans required a waiver from the road width rule "under the County's unpaved road agreement ordinance" as

codified by section 62-102(c) of the County's ordinance code. (*Id.* ¶ 29.) Plaintiff claims that his purchase of the property was contingent on his ability to construct a residence there. (*See id.* ¶ 31.) Accordingly, Plaintiff requested a waiver as set forth in section 62-102(c). (*Id.*) However, on October 26, 2021, at a public hearing on Plaintiff's waiver request, the Board of County Commissioners tabled consideration of the matter "to provide time for [Plaintiff] to provide [the County's] staff with engineering plans showing how the road c[ould] be constructed within the 30[-]foot right[ ]of[ ]way, with additional easements of the right[ ]of[ ]way including necessary improvements, road drainage, and utilities." (*Id.* ¶ 41.) The Board explained that this course of action would "provide staff the administrative authority, at that time, to review and approve the plans, if appropriate, including a waiver of engineering standards." (*Id.*)

In 2022, Plaintiff alleges, he came to understand that section 62-102 applies only to subdivisions proposing unpaved roads and therefore does not apply to his property. (*Id.* ¶¶ 77–79.) In his view, he is instead subject to the requirements of section 62-1188, which defines nonconforming lots of record. (*Id.* ¶¶ 82–83.) At a subsequent hearing requested by Plaintiff to address his takings claim, "the County Attorney stated that if [Plaintiff]'s answer is that he is never going to provide the things that the Board requested, then he thinks the next thing that needs to be brought forward for final action is the waiver application." (*Id.* ¶ 127.) Plaintiff's waiver request is pending with the County. (*See id.* ¶ 116.)

Plaintiff filed the initial complaint in this case in December 2023. (Dkt. 1) The

County moved to dismiss it based on lack of ripeness and other grounds, (Dkt. 19), and the court granted the motion, (Dkt. 32.) The court explained that it lacked subject matter jurisdiction: "because Plaintiff has not received a final adjudication from the County denying his application for waiver, his claims are not ripe and no actual case or controversy exists over which the court may exercise jurisdiction." (*Id.* at 8.) The court thus dismissed the initial complaint but granted Plaintiff leave to amend. (*Id.* at 12.) The amended complaint is highly similar to the initial complaint but contains additional factual allegations, including a section devoted to asserting a stalemate between Plaintiff and the County concerning his desired use of his property. (*Compare* Dkt. 1, *with* Dkt. 33.)

## APPLICABLE STANDARDS

Federal courts are "powerless to act without jurisdiction" and are therefore "obligated to inquire into subject matter jurisdiction" "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim" in federal court, *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (quotation omitted), here Plaintiff. "[I]f the court determines that subject matter jurisdiction is lacking, it must dismiss the entire case." *Trusted Net Media Holdings, LLC v. Morrison Agency, Inc.*, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc). However, a "dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley v. Orlando Reg'l*

*Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

"[R]ipeness is a question of subject matter jurisdiction." *Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992); s*ee Dermer v. Miami-Dade County*, 599 F.3d 1217, 1220 (11th Cir. 2010). "Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997); *accord Lozman v. City of Riviera Beach*, 119 F.4th 913, 917 (11th Cir. 2024) ("Article III 'restricts the ability of courts to review cases and controversies that are not ripe.'" (quoting *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty.*, 842 F.3d 1324, 1329 (11th Cir. 2016))). "Decisions on ripeness are fact[-]sensitive." *Strickland v. Alderman*, 74 F.3d 260, 266 (11th Cir. 1996) (quotation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up).

A challenge to the court's subject matter jurisdiction is either facial or factual. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). A facial challenge disputes that the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual challenge addresses "the existence of subject matter jurisdiction irrespective of the pleadings." *Id.* (quotation omitted). Accordingly, a court accepts a complaint's well-pleaded allegations as true when deciding a facial challenge but considers evidence external to a complaint when deciding a factual

challenge. *Id.*; *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1309 (11th Cir. 2019) ("A facial attack requires the court to determine, based only on the pleadings, whether the plaintiff sufficiently alleged a basis of subject matter jurisdiction.  By contrast, a factual attack permits the court to consider extrinsic evidence." (citations and footnote omitted)).  Here, the County raises a facial challenge, (*see* Dkt. 36), so the court accepts the well-pleaded allegations in the amended complaint as true and construes them in the light most favorable to Plaintiff.  *See Lewis*, 944 F.3d at 1309 ("When considering a facial attack . . . , the court 'must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975))).

## ANALYSIS

The court previously analyzed the ripeness issue at length with respect to the initial complaint, (Dkt. 32 at 4–11), and therefore now discusses the issue only briefly.  The County contends that Plaintiff's claims are still not ripe because the amended complaint "does not allege [that] the County has reached any final decisions as to his waiver request[] or other matters related to his supposed developmental efforts." (Dkt. 36 at 13.)  The County explains that although the amended complaint—with its new stalemate section—"repeats and attempts to amplify certain allegations as to [Plaintiff's] general assertion that it would be 'futile' to seek a final decision," the amended complaint does not establish futility.  (*Id.* at 13–15 (asserting that the "very question[s]" still "to be addressed" are "whether and the extent to which the Board might exercise discretion" to grant Plaintiff's waiver request and that given "his

admitted inaction in addressing the Board's concerns," the Board's refusal to act on the request "does not support any finding of 'futility'").)  The court agrees with the County.

Typically, when a property owner bases as-applied challenges to a zoning decision on the Constitution's equal protection, due process, and takings clauses, as Plaintiff has done here, (*see* Dkt. 33), the challenges are not ripe until the property owner receives a final decision regarding the application of the zoning law to the property.  *See Eide v. Sarasota County*, 908 F.2d 716 (11th Cir. 1990), *overruled on other grounds by Knick v. Twp. of Scott*, 588 U.S. 180 (2019), *as stated in S. Grande View Dev. Co. v. City of Alabaster*, 1 F.4th 1299, 1305 n.9 (11th Cir. 2021); *see also S. Grande View*, 1 F.4th at 1305 ("In order for a just compensation claim to be ripe for adjudication, the landowner must obtain a final decision regarding the application of the zoning ordinance or regulation to his or her property." (cleaned up)); *Strickland*, 74 F.3d at 265 ("As[-]applied due process and equal protection claims are ripe for adjudication when the local authority has rendered its final decision with respect to the application of the regulation.").  However, "[a]n exception to th[is] final decision requirement exists where it would be futile for the plaintiff to pursue a final decision." *Strickland*, 74 F.3d at 265; *accord New Life Outreach Ministry Inc. v. Polk County*, No. 8:06-CV-1547-T-27MAP, 2007 U.S. Dist. LEXIS 59408, at *9 (M.D. Fla. Aug. 14, 2007) (concluding that the case was ripe when "any further attempt to obtain the County's approval for [the plaintiffs' desired] use of the property . . . would [have] constitute[d] an exercise in futility").

Here, the facts asserted in the amended complaint do not demonstrate that the County has issued a final decision as to Plaintiff's property or that in light of his alleged stalemate with the County, it would be "an exercise in futility," *see New Life Outreach*, 2007 U.S. Dist. LEXIS 59408, at *9, for him to ask the County to issue a final decision granting his request. (*See* Dkts. 33, 37.) As the County explains, (*see* Dkt. 36 at 13–15), the amended complaint does not establish that the County's inaction on Plaintiff's waiver request (or other claims related to his property) indicates futility because the amended complaint does not establish that the County has had an adequate "opportunity to render a final decision with respect to" Plaintiff's property, *see Strickland*, 74 F.3d at 266. "Because [Plaintiff] has not set forth facts sufficient to prove futility, . . . his claims are not ripe." *See id.* Accordingly, the court lacks subject matter jurisdiction over the claims and dismisses them without prejudice. *See Digit. Props.*, 121 F.3d at 590–91 (holding that the district court properly dismissed the case for lack of subject matter jurisdiction because "[w]ithout the presentation of a binding conclusive administrative decision, no tangible controversy exist[ed]").

"A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend or requested leave to amend before the district court." *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1303 (11th Cir. 2010) (alteration adopted) (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). Here, a review of the docket shows that Plaintiff has been represented by counsel throughout these proceedings and has not moved for leave to amend his

amended complaint. Accordingly, the court denies Plaintiff leave to amend. *See id.* ("Sanchez was represented by counsel but did not move for leave to amend, and we cannot conclude that the district court abused its discretion by failing to grant leave that was never requested.").

## CONCLUSION

Accordingly:

1. The County's motion to dismiss (Dkt. 36) is **GRANTED**.
2. The County's motions to stay (Dkts. 46, 57) are **DENIED as moot**.
3. This case is **DISMISSED without prejudice** based on lack of ripeness.
4. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close the case file.

**ORDERED** in Orlando, Florida, on March 6, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record